## Hendricks v. Butt.

(Decided January 26, 1923.)

### Appeal from Simpson Circuit Court.

Pleading—Demurrers.—In as much as the written contract relied on in plaintiff's petition did not sustain its averments nor show the plaintiff's right to maintain the action the general demurrer should have been sustained to that pleading.

C. B. MOORE for appellant.

JOHN S. MILLIKEN and C. E. EVANS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

This is an action upon a written contract executed between appellant Hendricks and appellee Butt, whereby the appellant agreed to pay appellee $500.00. To the petition is attached a copy of the written contract, as an exhibit. This contract, in so far as it undertakes to obligate the appellant Hendricks to pay the said sum to appellee Butt, reads:

"It is further proposed that after the lease now on said lands is cancelled on the records by the parties now holding same, another lease on same lands shall be executed by said Hendricks to Thompson & Westerman, and in the event said Thompson & Westerman take said lease from said Hendricks, the latter agrees and obligates himself to pay the said R. E. Butt, or order, five hundred dollars ($500.00) cash in hand paid." Nowhere in the writing do we find any undertaking or obligation on the part of appellee Butt to do or pay anything as consideration for the obligation of appellant Hendricks to pay him $500.00. The contract, as written, appears to be unilat-

eral though the evidence introduced by Butt sufficiently proves a valuable consideration and shows that appellee Butt was to assist appellant Hendricks in obtaining a cancellation of his first lease on his lands and help him to find another lessee who would pay him for a new lease, and these services, according to the evidence of appellee Butt, were fully performed by appellee Butt obtaining a cancellation of the original lease and by inducing or helping to induce Thompson & Westerman to take a new lease upon the lands of appellant Hendricks and pay Hendricks a large sum of money. Such a contract was lawful and enforceable; but if the terms of the contract were as stated by appellee Butt and his witnesses, they were omitted from the writing sued on. The exhibit therefore attached to the petition failed to show any consideration for the obligation of appellant Hendricks to pay the $500.00 for which the suit was instituted, and it contradicted the pleading. An exhibit never strengthens the averments of a petition but may, and often does, contradict and thus weaken such averments, and in such case renders the pleading bad on demurrer. The demurrer of appellant to the petition to which the written contract was attached as an exhibit should have been sustained because that pleading did not state a cause of action in favor of appellee against appellant. Before it can do so the writing must be reformed so as to make it set forth the agreement proven by the evidence of Butt.

For the reasons indicated the judgment must be reversed for proceedings consistent with this opinion. The trial court should allow appellee to amend his petition and the appellant to amend his answer if they or either of them desire to do so, and to prepare the case upon its merits.

Judgment reversed.